IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARL R. LIPPERT, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-154-GPM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 06-30161-GPM |
| | ) | |
| Respondent/Plaintiff. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the pro se motion of Petitioner/Defendant Earl R. Lippert to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he judge who receives the motion [pursuant to Section 2255] must promptly examine it." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255. On January 19, 2007, Lippert was charged by superseding indictment with: conspiracy to manufacture methamphetamine; distribution of methamphetamine to a minor (Lippert's daughter); and two counts of manufacturing methamphetamine. On November 6, 2007, the morning that Lippert's trial was to commence, Lippert pleaded guilty to all four counts of the superseding indictment without a plea agreement. After pleading guilty but before sentencing, Lippert sent a letter to the undersigned United States District Judge asking to withdraw his guilty plea. Lippert claimed that he did not want to plead guilty, and that his Court-appointed attorney, Thomas R. Carnes of St. Louis, Missouri, had not communicated with him before trial. The Court refused to allow Lippert to withdraw his guilty plea,

and a sentencing hearing was conducted on March 10, 2008. At the sentencing hearing the Court imposed the statutory maximum sentence of life imprisonment for count one of the superseding indictment and 480 months' imprisonment for count two. The pre-sentence report ("PSR") in the case stated that a notice of enhancement had been filed by the government under 21 U.S.C. § 851. Had a Section 851 notice of enhancement been filed, it would have raised the statutory maximum penalty for count three and count four of the superseding indictment from 240 months' imprisonment to 360 months' imprisonment. The Court relied upon the PSR, and neither Lippert's counsel nor the government advised the Court that no Section 851 notice in fact had been filed. Thus, laboring under a mistake, the Court sentenced Lippert to an incorrect statutory maximum of 360 months' imprisonment on count three and count four of the superseding indictment. Additionally, the Court sentenced Lippert to terms of supervised release of six years on each of count two, count three, and count four of the superseding indictment.

Lippert's trial attorney did not move under Rule 35(a) of the Federal Rules of Criminal Procedure to correct the sentence; instead, after filing a notice of appeal, Lippert's trial counsel filed two *Anders* briefs, seeking to withdraw from representation of Lippert on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."). The United States Court of Appeals for the Seventh Circuit discharged Lippert's trial counsel and assigned Lippert new counsel on appeal. Ultimately, the Seventh Circuit Court of Appeals affirmed Lippert's sentences as to count one and count two of the superseding indictment, but modified Lippert's sentence by reducing his terms of

imprisonment on count three and count four of the superseding indictment from 360 months to 240 months. *See United States v. Lippert*, 401 Fed. Appx. 137, 141-42 (7th Cir. 2010). Also, the Seventh Circuit Court of Appeals reduced Lippert's terms of supervised release on count two, count three, and count four of the superseding indictment from six years to five years. *See id*. at 142. Lippert did not file a petition for a writ of certiorari to the Supreme Court of the United States.

In general, a motion under 28 U.S.C. § 2255 cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). However, a claim of ineffective assistance of trial counsel properly may be asserted in a Section 2255 motion regardless of whether the defendant raised the issue of ineffective assistance on direct appeal from his or her conviction. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2001). In his Section 2255 motion, Lippert raises numerous grounds for relief based upon alleged ineffective assistance of Lippert's trial counsel, in violation of the Sixth Amendment. Specifically, Lippert claims that: (1) during the two-year period that Lippert was awaiting trial in a federal pre-trial detention center, Lippert's trial counsel never came to see Lippert, never discussed trial strategy with Lippert, contacted no witnesses, discussed no evidence with Lippert, and failed to secure a plea agreement for Lippert with the government; (2) Lippert arrived at Court for trial to discover that his trial

counsel had prepared no trial strategy and would only advise Lippert to plead guilty, because if Lippert proceeded to trial, his counsel told him, the jury would "cook [Lippert] in hot grease" (Doc. 1 at 17); (3) Lippert's trial counsel sought over the objections of Lippert and the government to introduce evidence at trial of a sexual relationship between Lippert and his minor daughter, evidence that, if introduced at trial, would have been highly prejudicial to Lippert; (4) Lippert's trial counsel incorrectly advised Lippert that, if he pled guilty to the charges contained in the superseding indictment, he would receive a sentence of only thirty years' imprisonment; and (5) Lippert's counsel mistakenly agreed to an enhancement of Lippert's sentences on count three and count four of the superseding indictment pursuant to 21 U.S.C. § 851.

To conclude, the government is **ORDERED** to file a response to Lippert's motion under 28 U.S.C. § 2255 within **THIRTY (30) DAYS** of the date of entry of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED: March 12, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge